**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**COURT FILE NO.: 00-970 DWF/SRN**

---

Maria Katherine Woroby,

Plaintiff,

-vs-

Transunion Corporation;
CSC Credit Services, Inc.;
Experian Information Solutions, Inc.; And
Equifax Credit Information Services, Inc.,

Defendants.

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED BY AND BETWEEN the plaintiff and defendant Equifax Credit Information Services, Inc. ("ECIS"), through their respective attorneys of record, as follows:

WHEREAS documents, testimony and information have and may be sought, produced or exhibited by and among the parties to the above referenced action, which relate to trade secrets, confidential research, development, technology, business plans or other proprietary information belonging to defendant ECIS;

THEREFORE an order of this Court protecting such trade secrets and confidential information shall be made by the Court on the following terms:

1. Any information, documents or testimony submitted, either voluntarily or pursuant to any subsequent order in this action, which is asserted by either of the parties or a non-party to contain or constitute confidential information, shall be so designated by

FILED OCT 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

said party or non-party in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted. Documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or a comparable notice. Any other information submitted by either party that clearly contains confidential information, but which was not designated as such, shall be entitled to the same treatment as information properly designated under this paragraph.

2. The producing party or non-party shall designate as confidential information which the party or non-party believes pertains to its business, its employees, officers or directors, is not generally known and would not generally be revealed to third parties.

3. In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 1, above, shall not be disclosed to any person other than: (i) the parties' attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel, (iii) technical experts and their staff who are employed for purposes of this litigation, and (iv) the Court and any personnel of the Court including members of any jury impaneled to hear this case.

4. Confidential information submitted in accordance with the provisions of paragraph 1, above, shall not be made available to any person designated in paragraph 3 (i) or (iii) unless he or she shall have first read this order, agreed to be bound by the terms thereof, agreed not to reveal such confidential business information to anyone other than

persons designated in paragraph 3, above, and agreed to utilize such confidential information solely for the purpose of this litigation.

5. If the Court orders, or if the parties agree that access to, or the dissemination of, information submitted as confidential information shall be made to persons not included in paragraph 3, above, all such persons shall be subject to the terms and conditions of this protective order with respect to any such confidential information.

6. Any confidential information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted as set forth in paragraph 1, above, and shall be maintained by the Clerk under seal. Only the Court and counsel of record for the respective parties shall have access to such confidential information.

7. The parties and their attorneys agree that any document or information submitted as confidential information pursuant to paragraph 1, above, is to be treated as such.

8. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any confidential information designated by said individual or entity in accordance with paragraph 1, above.

9. All persons having knowledge of, access to or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this protective order.

10. In the event an expert retained by plaintiff is currently regularly employed by a credit bureau, plaintiff agrees that not less than ten days (or any other period of time designated by the Court) prior to the initial disclosure to any such expert of any confidential information submitted in accordance with paragraph 1, above, the plaintiff shall submit in writing the names of those experts and their educational and employment history to counsel for ECIS. If ECIS objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this protective order or on other grounds, it shall notify the plaintiff in writing of its objections and the grounds thereof prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of the receipt of such notice of objections, ECIS shall submit immediately each objection to the Court, together with a request for a ruling. The submission of such confidential information to such proposed expert shall be withheld pending the ruling of the Court.

11. If confidential information submitted in accordance with paragraph 1, above, is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

12. Within sixty (60) days after final termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with paragraph 1, above, and all

documents that the parties in good faith believe contain confidential information, including all copies of such materials which may have been made, but not including copies containing notes or other attorneys' work product that may have been placed thereon by counsel for the parties. At the option of the party asserting confidential treatment, the parties may elect to destroy all items containing confidential information submitted in accordance with paragraph 1, above. If either party elects to have its confidential information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such confidential information shall be destroyed.

13. This protective order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

14. Nothing in this order shall preclude any party from using its own confidential information in any manner it chooses.

Agreed and stipulated to by:

Thomas J. Lyons, Jr., Esq.
Counsel for Plaintiff

Lewis P. Perling, Esq.
Counsel for Defendant

ORDER

GOOD CAUSE APPEARING THEREFORE,
IT IS SO ORDERED.

Dated: Oct. 23, 2000

Susan Richard Nelson
Judge US Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing <u>confidential original</u> documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the <u>Clerk:</u>***

A. Documents are to be <u>sealed</u> (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or <u>Magistrate Judge:</u>***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.